# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **JAMES BURNS** | : | **CIVIL ACTION NO. 08-0428** |
| **VS.** | : | **JUDGE JAMES** |
| **LYDIA SMITH, ET AL.** | : | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the court is a request for a jury trial [doc. 28] filed by *pro se* plaintiff, James Burns.[1] The motion is opposed.

Federal Rule of Civil Procedure 38(b) provides that

[o]n any issue triable of right by a jury, a party may demand a jury trial by:

> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).

Fed.R.Civ.P. 38(b).

It is uncontroverted that plaintiff failed to make a jury demand within the above-prescribed time limit. Nonetheless, the court, on motion, may still order a "jury trial on any issue for which a jury might have been demanded." Fed.R.Civ.P. 39(b). In exercising its discretion under Rule 39(b), the court should grant a jury trial ". . . in the absence of strong and compelling reasons to

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

the contrary." *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (quoted source omitted). The following five factors guide the court's inquiry,

    (1)    whether the case involves issues which are best tried to a jury;

    (2)    whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

    (3)    the degree of prejudice to the adverse party;

    (4)    the length of the delay in having requested a jury trial; and

    (5)    the reason for the movant's tardiness in requesting a jury trial.

*Daniel Intern. Corp.*, 916 F.2d at 1064.

Applying the foregoing considerations here, the undersigned finds that 1) plaintiff's allegations regarding the unconstitutional deprivation of adequate medical care and threats of violence are issues that a jury can readily comprehend and resolve; 2) the case has not yet been set for trial and there are no pending deadlines, so a jury demand will not disrupt the court or defendants' schedule; 3) defendants have not asserted any prejudice as a result of the untimely demand; 4) the request was filed almost nine months after plaintiff amended his complaint and more than three months after defendants filed responsive pleadings; and 5) the court surmises that at least one of the reasons for the tardiness of plaintiff's jury demand is that he is a *pro se* prisoner unversed in the Federal Rules of Civil Procedure.[2]

Upon due consideration of the foregoing factors, the undersigned cannot discern any strong or compelling reason to deny plaintiff's request for a jury. *Daniel International Corp., supra*. Accordingly,

---

[2] While inadvertence is no excuse, a *pro se* litigant should be accorded some leeway, especially in the context of the constitutional right to a jury trial.

Plaintiff's request for a jury trial as to all issues so triable [doc. # 28] is hereby GRANTED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 5th day of March, 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE